IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMPTON-HADDON MARKETING CORP., | : Civil Action<br>: No. 2:19-cv-407-WB |
| Plaintiff,<br>vs. | : |
| WILLIS OF TENNESSEE, INC., and<br>WILLIS TOWERS WATSON, PLC, | : |
| Defendants. | : |

FILED
OCT 30 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## STIPULATED PROTECTIVE ORDER

Plaintiff Hampton-Haddon Marketing Corp. ("HHMC") and defendant Willis of Tennessee, Inc. ("Willis"), through their undersigned counsel, stipulate and agree as follows:

A. This lawsuit involves HHMC's claims that Willis is liable for broker malpractice in failing to advise HHMC concerning certain business risks and the availability of insurance to cover such risks.

B. In connection with asserting these claims, HHMC has served document requests on Willis.

C. Certain documents responsive to HHMC's document requests are confidential and proprietary materials and information that Willis uses for internal use only and that Willis does not in the ordinary course of its business disclose to third parties ("Confidential Information"). This Confidential Information includes internally created and used forms, templates, comparisions, codes, research, reports, and analysis of business and insurance issues, including those concerning cyber and property insurance issues that were created by or for Willis based on

ENT'D OCT 30 2019

Willis' own research, analysis, and experience and at Willis' expense. This Confidential Information gives Willis an advantage over its competitors and its disclosure would cause Willis to sustain irreparable harm and damages by allowing them to unfairly benefit from Willis' work product and Willis' expenditure of funds.

D. The Confidential Information is Willis' confidential, proprietary, and/or trade secret information that is only used internally by Willis.

E. To protect Willis' concerns about the disclosure of its Confidential Information to third parties, Willis and HHMC stipulate and agree to the entry of this Stipulated Protective Order. Accordingly, the parties agree as follows:

1. Confidential Information. As used in this Protective Order, "Confidential Information" shall refer to information, materials, documents, and testimony that Willis designates as "Confidential." The confidential designation shall extend to any memoranda, notes, summaries, or other writings created by the recipient, which contain the Confidential Information or a description of the Confidential Information.

2. Scope. This Protective Order shall govern Confidential Information produced or disclosed by Willis in response to formal or informal discovery conducted in this matter. Confidential Information shall include, but not be limited to information, materials or documents containing trade secrets, proprietary information, financial information, customer lists, customer information, subscriber information, policies, procedures, research, analysis, forms, processes, or reports. Confidential Information shall not include documents or information obtained from an independent source, available from an independent source, or

2

otherwise publicly available. Nothing in this Protective Order shall be deemed to preclude a party's right to: (a) oppose discovery on any ground or (b) object on any ground to the admission of any Confidential Information into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest on any ground the alleged relevancy, authenticity, genuineness, admissibility, or discoverability of Confidential Information.

3. <u>Designation of Confidential Information</u>. Information, materials, or documents containing Confidential Information shall be designated in an appropriate manner to give the other party notice of the claim to confidentiality. With respect to documents, each page containing Confidential Information shall be conspicuously marked "CONFIDENTIAL." Confidential Information being produced in a form not capable of being physically marked "CONFIDENTIAL" shall be designated by informing the other party's attorney in writing of the production of Confidential Information, prior to or contemporaneous with its production.

4. <u>Objection to Confidential Designation</u>. If any party objects to the designation of any information, materials, or documents as confidential, the parties shall confer to attempt to resolve the dispute. If no resolution is possible, the parties shall submit the dispute to the Court. All information, materials, and documents designated as Confidential Information shall be treated as such pursuant to the terms of this Protective Order until further order of the Court

5. <u>Access to Confidential Information</u>. Access to Confidential Information shall be limited to authorized persons, solely in the performance of their duties in connection with this litigation. "Authorized Persons" are:

3

a) The Court and other court personnel who require access to the Confidential Information to conduct the business of the Court.

b) Counsel of record for the parties to this civil action;

c) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of counsel of record for parties;

d) Experts and consultants who counsel of record has retained or conferred with; provided, however, each such expert or consultant has first agreed to abide by this Protective Order by signing the Promise of Confidentiality in the form attached hereto as Exhibit A;

e) Representatives of the parties, who are actively involved in this litigation; and

f) Such additional persons who the parties agree in writing are entitled to receive and review Confidential Information or who the Court determines should be entitled to receive and review Confidential Information.

6. Inadvertent Disclosure of Confidential Information. In the event that Confidential Information is disclosed to any unauthorized person through inadvertence, the unauthorized person (a) shall be informed promptly of the confidential designation of the information, materials, and/or documents and of the existence of this Protective Order by the counsel for the party who requested or received the Confidential Information, (b) shall be identified immediately to the other party in this litigation; and (c) shall be directed, if within the control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A), or to return or destroy the Confidential Information.

7. Promise of Confidentiality. Each Authorized Person described in Paragraph 5(d) above who receives access to any Confidential Information shall first be given a copy of this Protective Order and advised by the counsel of record that such person may only divulge Confidential Information to Authorized Persons. A Promise of Confidentiality form is

4

attached hereto as Exhibit A. The form must be signed by any Authorized Person under Paragraph 5(d) receiving any Confidential Information, in advance of his or her receipt of Confidential Information. The signed original of each such Promise of Confidentiality shall be maintained by the disclosing counsel.

        8. <u>Use of Confidential Information</u>. No Confidential Information will be used for any purpose other than the above captioned litigation between these parties. If a party or its representative receives a subpoena, document request, or court order in another matter compelling the production of Confidential Information produced in this litigation, that party will immediately notify counsel of record for the other party; provide said counsel with a copy of the subpoena, document request, or court order; and consent to an order from the appropriate court protecting the Confidential Information from being disseminated outside the scope of this Protective Order.

        9. <u>Court Records</u>. In the event that any Confidential Information is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the Confidential Information shall be filed in a sealed separate envelope containing the style of the case, marked "Confidential Information Protected by Court Order," and kept under seal by the Clerk of Court until further Court order or written agreement of the parties. Such Confidential Information shall, however, remain available to personnel authorized by the Court and to Authorized Persons. Where practicable, only the confidential portions of pleadings filed with the Court will be filed in a separate sealed envelope.

        10. <u>Depositions</u>. If Confidential Information is used or referred to during depositions, counsel for any of the parties may require that only Authorized Persons, experts, the

deponent, the court reporter, and the camera operator (if the deposition is videotaped) be present for the portion of the deposition dealing with Confidential Information. Counsel for the designating party may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Counsel for any of the parties may state on the record at the deposition that the deposition includes information claimed to be Confidential Information. Counsel for any of the parties may designate by page and line the portions for which such claim is made after receipt of the completed deposition transcript, and give written notice of this designation to the court reporter and all other parties within ten days after the receipt of the completed deposition transcript. This designation shall be placed on the first page in the original and all copies of the deposition transcript by the court reporter and by counsel for the parties. The designation shall include the style of the case and may follow the form attached hereto as Exhibit B. Pending such designation, the deposition and all exhibits shall be treated in their entirety as Confidential Information. Those portions of the deposition, which are designated as Confidential Information, shall be bound separately under seal and prominently marked "Confidential Information subject to Protective Order." The portions of each deposition so designated shall be returned to counsel for the designating party upon final termination of this action.

11.     Filing of Confidential Information with the Court. Irrespective of whether Willis or HHMC seeks to file Confidential Information, Willis shall have the obligation to move the Court for leave to file the Confidential Information under seal. HHMC shall provide reasonable notice to Willis of HHMC's intent to file Confidential Information, and Willis shall promptly move the Court for leave to file that Confidential Information under seal. HHMC will

6

not contest Willis' motion for leave to file under seal unless HHMC has objected to the designation of the relevant information as confidential in accordance with the Paragraph 4 of this Stipulated Protective Order. If the Court has not ruled on Willis' motion for leave to file under seal before the deadline or need to file the Confidential Information, the filing party shall redact the Confidential Information from the filed version of the document, noting that the redacted information is subject to a pending motion for leave to file under seal, and contemporaneously provide the Court with an unredacted copy of the filing.

12. Evidence at Trial. The designation of information, materials, or documents as Confidential Information shall not prohibit the introduction of such Confidential Information into evidence at trial, subject to the other parties' rights to contest the relevancy, authenticity, genuineness, or admissibility of such Confidential Information.

13. Return or Destruction of Confidential Material. Within sixty days of the termination of this action, including appeals, counsel of record for each party shall, at his or her sole option, either (a) certify that all Confidential Information, including copies, has been destroyed or (b) return all Confidential Information, including copies, to counsel of record for the designating party

14. Survival of Obligations. All obligations and duties arising under this Protective Order shall survive the termination of this action and shall be binding upon the parties to this action, their successors, assigns (whether in whole or in part), affiliates, subsidiaries,

officers, agents, representatives, employees, and attorneys.

15. <u>Jurisdiction</u>. The Court shall retain jurisdiction indefinitely with respect to the enforcement of this Protective Order, the resolution of any dispute regarding the improper use of Confidential Information, the modification of the terms of this Protective Order, or the entry of further orders regarding Confidential Information.

16. <u>Modification of Stipulated Protective Order by the Court</u>. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice

**STIPULATED AND AGREED TO:**

By: _____
Carlos S. Montoya
COOPER, LLC – COUNSELORS AT LAW
1635 Market Street, Suite 1600
Philadelphia, PA 19103
908.514.8830
carlos@cooperllc.com

OF COUNSEL:
Ryan J. Cooper
COOPER, LLC – COUNSELORS AT LAW
108 N. Union Ave., Suite 4
Cranford, NJ 07016
908.514.8830
ryan@cooperllc.com

Attorneys for Plaintiff
Hampton-Haddon Marketing Corp.

By: _____
Thomas B. Fiddler (#59123)
Natalie B. Molz (#320588)
WHITE AND WILLIAMS LLP
1650 Market Street, One Liberty Place,
Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7081/7142
fiddlert@whiteandwilliams.com
molzn@whiteandwilliams.com

Attorneys for Defendant
Willis of Tennessee, Inc.

APPROVED AND SO ORDERED:

_____
Beetlestone, , J.

8

15. <u>Jurisdiction</u>. The Court shall retain jurisdiction indefinitely with respect to the enforcement of this Protective Order, the resolution of any dispute regarding the improper use of Confidential Information, the modification of the terms of this Protective Order, or the entry of further orders regarding Confidential Information.

16. <u>Modification of Stipulated Protective Order by the Court</u>. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice

**STIPULATED AND AGREED TO**

By: _____
Carlos S. Montoya
COOPER, LLC - COUNSELORS AT LAW
1635 Market Street, Suite 1600
Philadelphia, PA 19103
908.514.8830
carlos@cooperllc.com

OF COUNSEL:
Ryan J. Cooper
COOPER, LLC - COUNSELORS AT LAW
108 N. Union Ave., Suite 4
Cranford, NJ 07016
908.514.8830
ryan@cooperllc.com

Attorneys for Plaintiff
Hampton-Haddon Marketing Corp.

By: _____
Thomas B. Fiddler (#59123)
Natalie B. Molz (#320588)
WHITE AND WILLIAMS LLP
1650 Market Street One Liberty Place,
Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7081/7142
fiddlert@whiteandwilliams.com
molzn@whiteandwilliams.com

Attorneys for Defendant
Willis of Tennessee, Inc.

APPROVED AND SO ORDERED:

_____
Beetlestone, , J.

8

## EXHIBIT A

### PROMISE OF CONFIDENTIALITY

State of _____

County of _____

a) My name is _____ _____. I live at _____ _____
   _____ _____ _____ _____. I am
   employed as _____ by _____
   _ _____ _____ _____ .

b) I am aware that a Stipulated Protective Order of Confidentiality has been entered in *Hampton-Haddon Marketing Corp. v; Willis of Tennessee, Inc. and Willis Towers Watson, PLC*, and I have received a copy of that Protective Order

c) I promise that I will use the Confidential Information (as defined in the Protective Order) that I have received *only* in connection with assisting counsel for plaintiff or defendant in this litigation.

d) I promise that I will not disclose or discuss such Confidential Information with any person other than Authorized Persons, as defined in Paragraph 5 of the Protective Order.

e) I understand that any use of the Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions by the Court.

f) I consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

g) I promise to promptly return to the designating party, through delivery to counsel representing plaintiff or defendant, all Confidential Information or any portion or summary thereof, at the conclusion of this litigation. I promise that under no circumstance will I retain any duplicate of any such Confidential Information.

_____    _____
Signature                               Date

   Witness my hand and seal this _____ day of _____, 200 ___.

(SEAL)

State of ___ ____ ____

_____ County

I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, [s]he executed the same voluntarily on the day the same bears date.


Notary Public
My Commission Expires.

2

**EXHIBIT B**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAMPTON-HADDON MARKETING CORP., | : Civil Action<br>: No. 2:19-cv-407-WB |
| Plaintiff, | : |
| vs. | : |
| WILLIS OF TENNESSEE, INC., and<br>WILLIS TOWERS WATSON, PLC, | : |
| Defendants. | : |

**DEPOSITION OF**
**THIS_____ DAY_____ OF 20_____**

<u>DESIGNATION OF CONFIDENTIAL MATERIAL</u>

Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential:

This _____ day of _____ _____, 200__.

_____
Attorney for Designating Party